In re MONTANA TRUST AND LEGACY FUND.

No. 12097.
Submitted September 20, 1971.
Decided October 5, 1971.
489 P.2d 612.

Robert L. Woodahl, Atty. Gen., Lawrence D. Huss, Deputy Atty. Gen. (argued), Helena, for appellant.

PER CURIAM:

This is an advisory opinion requested by the State Board of

Land Commissioners and the Board of Investments concerning administration of the Montana Trust and Legacy Fund.

Authority for rendering this advisory opinion is found by reason of the supervisory powers imposed on this Court in the administration of the Montana Trust and Legacy Fund pursuant to Article XXI, Sec. 17 of the Montana Constitution, which provides:

"The justices of the supreme court of the state of Montana are hereby made and constituted a supervisory board over the entire administration of all the funds created or authorized by this article and the income therefrom. During January of each year, this board shall review the administration for the preceding year. It shall decide all uncertain or disputed points arising in the administration of the funds whenever requested to do so by a beneficiary, by a state official charged with some part of the administration of the fund, or any other interested party; and it may do so upon its own initiative. It shall be the duty of the supervisory board to do and perform all acts and things that it may deem necessary in order to cause the board and officers having direct charge of these funds to administer the same carefully and wisely in full compliance with the provisions of this article and such further legislation as may be enacted relating thereto. The clerk of the supreme court shall be ex-officio clerk of this supervisory board."

This Court has previously held that this constitutional provision constitutes authority for rendering an advisory opinion concerning administration of the Montana Trust and Legacy Fund. In re Montana Trust and Legacy Fund, 143 Mont. 218, 388 P.2d 366. Pursuant to Executive Reorganization Order No. 4-71, issued by Governor Forrest H. Anderson under the Executive Reorganization Act of 1971 (Laws of Montana, Chapter 272), the Board of Investments is now charged with the duty of investing funds of the Montana Trust and Legacy Fund.

The requested advisory opinion concerns interpretation of a

phrase appearing in both Article XXI, Section 8, of the Montana Constitution and Section 81-1001, R.C.M.1947.

Article XXI, Section 8 of the Montana Constitution provides:

"The Montana trust and legacy fund shall be safely and conservatively invested in public securities within the state, as far as possible, including school district, county and municipal bonds, and bonds of the state of Montana; but it may also be partly invested in bonds of the United States, bonds fully guaranteed by the United States as to principal and interest, and federal land bank bonds. All investments shall be limited to safe loan investments bearing a fixed rate of interest. In making long term investments preference shall be given to securities payable on the amortization plan or serially. The legislative assembly may provide additional regulations and limitations for all investments from the Montana trust and legacy fund."

Section 81-1001, R.C.M.1947, as amended by Ch. 1, Second Extra-Ordinary Session, 1971 Session Laws, effective June 15, 1971, provides as follows:

"*Investment of permanent funds.* All moneys belonging to the public school permanent fund and to the other permanent funds of the educational, charitable and penal institutions of the state, and all permanent funds subject to the administration of the board under article XXI of the state constiution, shall be carried by the state treasurer as subfunds in the trust and legacy fund, and shall be safely invested by the state board of land commissioners in bonds of school districts within the state of Montana; in bonds of the several counties and cities of the state of Montana; in bonds of the state of Montana or of the United States; *bonds fully guaranteed by the United States as to principal and interest;* in capitol building bonds of the state of Montana, now issued or which may hereafter be issued; in bonds issued by the federal land banks, in interest-bearing warrants upon the general fund of the state and in interest-bearing warrants upon the general fund, the poor fund,

the road fund, or upon the bridge fund of the several counties of the state of Montana; all of such investments to be subject to the regulations and limitations of this act."

Petitioners request this Court to issue an advisory opinion defining the phrase "bonds fully guaranteed by the United States as to principal and interest" appearing in said constitutional provision and statute.

■ We define the phrase "bonds fully guaranteed by the United States as to principal and interest" appearing in Article XXI, Section 8 of the Montana Constitution, and section 81-1001, R.C.M.1947, as amended by Chapter 1, Second Extraordinary Session, 42nd Legislative Assembly as follows:

"Instruments in writing constituting a promise to pay a sum certain, with interest at a definite rate, to a holder or bearer by a defined future date, which are fully guaranteed by the United States government at 100% of their face value as substantiated by a written opinion of the Federal Government."

■ In so construing the meaning of the phrase we hold the term "bonds" therein to have been used in a generic sense and to apply to securities meeting the above definition, but which may nominally be called debentures, certificates, notes, bills, or other similar terms. It is the safety of the investment rather than the name of the securities in which the funds are invested that are dealt with in constitutional and statutory restrictions. As we indicated in our 1964 Advisory Opinion, In re Montana Trust and Legacy Fund, at page 370 of 388 P..2d:

"* * * we are aware of no cogent reason why the general authority of investment and administration of funds should not include the authority to administer investments in a manner consistent with the realities of the securities market. See 2 Scott, Trusts, § 186 (2d ed. 1956). Indeed, we should be most reluctant to announce a rule which would preclude the appropriate state authorities from being able to take advantage of a 'better deal,' so long as it may likewise be classed as a safe and conservative investment. Because of the constitutional:

and statutory limitations respecting the type of securities which may be purchased, we do not believe our position throws the door open to dangerous speculation."

In defining the term "bonds fully guaranteed by the United States as to principal and interest" as we have, the purpose of the constitutional and statutory restrictions has been fulfilled in conformity with the realities to the securities market.